IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KIRBY, | ) | CASE NO. 5:09 CV 2161 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| M. BEIGHTLER, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Anthony Kirby for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Kirby is incarcerated by the State of Ohio at the Marion Correctional Institution,[3] where he is serving a five-year sentence imposed in 2007 by the Summit County Court of Common Pleas[4] after his conviction by a jury on charges of felonious assault, receiving stolen property, and driving under suspension.[5]  In his petition,

---

[1] Non-document entry of November 10, 2009.

[2] ECF # 1.

[3] Respondent Maggie Beightler is Warden of Marion Correction Institution.  ECF # 6 at 1.

[4] Kirby is serving a total sentence of six and one half years for convictions in two separate cases – five years of concurrent sentences for the offenses in this case to be served consecutively to 18 months of concurrent sentences imposed for offenses in another case not at issue in this petition.  *See*, ECF # 6, Attachment (state court record) at 17-19.

[5] *Id.*

Kirby raises four grounds for relief.[6]  The State, in response, maintains that the petition should be dismissed because one ground is non-cognizable and the remaining three have been procedurally defaulted.[7]  For the reasons that follow, I will recommend finding the State's arguments to be well-taken and so further recommend that this petition be dismissed.

## Facts

### A.    Background, trial, conviction, and sentence

The relevant underlying facts as found by the Ohio appeals court[8] are straightforward and not disputed.  In the early morning hours of November 7, 2006, a driver on an Akron street witnessed a woman being pushed out of a white truck that had stopped in front of him.[9] The woman, naked from the waist down and bleeding from a cut on her throat, ran up to the driver saying she had been raped and asking for help.[10]  With the white truck pulling away, the motorist left the victim on the curb and followed the truck to a restaurant parking lot, calling 911 from his cell phone with the location and license plate number of the truck and the whereabouts of the victim.[11]

---

[6] ECF # 1.

[7] ECF # 6.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 6, Attachment at 90 (state appeals court decision).

[10] *Id.*

[11] *Id.*

Responding to the 911 call, Akron police arrived at the restaurant parking lot and found Kirby inside a white truck matching the description given to the dispatcher.[12]  Upon running the license plate, police discovered that the truck had been reported stolen.[13]  With that, Kirby was arrested at the scene.[14]

As this was happening, the victim and the driver, who called 911, were brought to the parking lot by police.[15]  There, the victim identified Kirby as the man who raped her and cut her throat.[16]  She also identified the white truck as the one Kirby was driving when she was assaulted.[17]  The 911 caller likewise identified Kirby as the man who pushed the woman out of the truck in front of him.[18]  In a search of the white truck, police found the victim's pants and a box cutter that matched the victim's description of what had been used to cut her throat.[19]

---

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*. at 91.

[16] *Id*.

[17] *Id*.

[18] *Id*.

[19] *Id*.

Kirby was subsequently indicted in two separate cases arising out of the events described above.[20]  In the case applicable to this petition, Kirby was charged with two counts of rape and one count each of kidnapping, felonious assault, and driving under suspension.[21] After pleading not guilty, the case went to a jury trial.[22]

At trial, in addition to testimony from the driver of the car who was following Kirby that night,[23] the prosecution presented testimony from police officers regarding the victim's account of her assault and her identification of Kirby as the assailant,[24] as well as the results from the search of the truck.[25]   The State further produced testimony from medical and forensic experts as to the facts of the victim's injuries.[26]  Kirby testified in his own defense, contending that the victim was a prostitute who consensually exchanged sex for crack cocaine.[27]  Kirby further testified that when their encounter was over, she voluntarily left his

---

[20] *See*, ECF # 6 at 5 n.4.  In the companion case, Kirby was eventually convicted of grand theft, vandalism, and breaking and entering.

[21] ECF # 6, Attachment at 87.

[22] *Id*.

[23] *Id*. at 90-91.

[24] *Id*.

[25] *Id.* at 91.

[26] *Id*. at 91-92.

[27] *Id*. at 92.

-4-

truck, uninjured, as he was driving her back to a house where she could obtain more cocaine.[28]

The jury thereupon found Kirby not guilty on the two rape charges, as well as the kidnapping count, but guilty on the charges of felonious assault, receiving stolen property, and driving under suspension.[29]   On July 9, 2007, the court sentenced Kirby as detailed above.[30]

**B.      Direct appeal**

Kirby timely filed an appeal from his conviction and sentence.[31]   In his brief on appeal, Kirby, through counsel,[32] raised the following three assignments of error:

1.      The evidence in this case was insufficient as a matter of law to support a conviction of felonious assault and as a result Anthony Kirby's rights as protected by Article I, Section 16 of the Ohio Constitution, and [the] Fifth Amendment of the United States Constitution were violated.[33]

2.      The verdicts in this case were against the manifest weight of the evidence and as a result Anthony Kirby's rights as protected by Article I, Section 16 of the Ohio Constitution and [the] Fifth Amendment of the United States Constitution were violated.[34]

---

[28] *Id*. at 93.

[29] *Id*. at 87.

[30] *Id*. at 17-18.  The sentence terms were later clarified to the terms related here in a *nunc pro tunc* order. *Id*. at 19-20.

[31] *Id*. at 21.  The notice of appeal was filed July 19, 2007.

[32] *See*, *id*. at 22.

[33] *Id*. at 23.

[34] *Id*.

3.      The prosecutor's remarks during closing argument deprived the [sic] Anthony Kirby of his right to a fair trial in violation of his 5th, 6th and 14th Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution.[35]

The State filed a brief in response.[36] On June 25, 2008, the Ohio appeals court overruled each of Kirby's assignments of error and affirmed the conviction.[37]

On December 10, 2008, Kirby, *pro se*, filed a "notice of claimed appeal as of right,"[38] together with a motion to file a delayed appeal in the Supreme Court of Ohio.[39]  In his motion to file a delayed appeal, Kirby asserted that the reason for not filing a timely appeal was "outdated legal forms" in the prison law library that allegedly caused him to twice file prior notices of appeal that were returned.[40]  Without a filed reply from the State, on January 28, 2009, the Ohio Supreme Court without opinion denied Kirby's motion to file a delayed appeal, thereby dismissing his case.[41]

---

[35] *Id.*

[36] *Id.* at 57-77.

[37] *Id.* at 87-99.

[38] *Id.* at 117-18.

[39] *Id.* at 100-02.

[40] *Id.* at 101.

[41] *Id.* at 119.

## C. Post-conviction petition to vacate sentence

Subsequent to the Ohio Supreme Court's dismissal of his motion to file a delayed appeal,[42] Kirby, *pro se*, petitioned the trial court to vacate or set aside his sentence, raising the following two claims:

1. Denied the right of confrontation of witnesses-victim guaranteed by the U.S. Const., Amend. VI. Victim refused to show for court, hearsay evidence.[43]

2. Evidence in this case was insufficient as a matter of law to support a conviction of felonious assault as protected [sic] by Article I, Section 16 of the Ohio Constitution and Fifth Amendment of the United States Constitution were violated [sic]. Conviction based solely on the testimony of Officer Horvath who took Ms. Digman's statement and Ms. Digman's statement to the Dove Unit Nurse at Summa Health Systems. However, the physical evidence that the State presented renders these statements and Ms. Digman's story impossible.[44]

The State moved to dismiss Kirby's motion, arguing, *inter alia*, that the motion was not timely filed, and otherwise did not comply with the applicable statute.[45] The trial court thereupon denied Kirby's motion as untimely filed and granted the State's motion to dismiss.[46] Kirby did not appeal this denial.[47]

---

[42] The motion to vacate or set aside was filed March 20, 2009. *See*, *id.* at 123.

[43] *Id.* at 121.

[44] *Id.*

[45] *Id.* at 123-24.

[46] *Id.* at 125.

[47] *See*, ECF # 6 at 6.

**D.**   **Federal habeas petition**

On September 9, 2009,[48] Kirby, *pro se*, filed the present petition for federal habeas

relief, asserting the following four grounds for relief:

> 1.    Ground one:  Evidence was insufficient as a matter of law to support
> felonious assault.
>
> Supporting Facts:   The prosecution relys [sic] on statements of
> Ms. Digman's through third parties since she failed to appear for trial.
> Officer Horvath and Dove Unit Nurse statements frm Ms. Digman
> show the physical evidence that the State presented renders the story
> impossible.[49]
>
> 2.    Ground two:   Verdicts were against the manifest weight of the
> evidence.
>
> Supporting Facts:  Acts were committed over a period of time with
> bleeding to Ms. Digman's neck.  However, Officer Horvath testified
> inside truck there was NO BLOOD anywhere.  Officer Beech testified
> he collected ALL of Kirby's clothing and NO BLOOD on any item.
> The State presented NO EVIDENCE to jury as a result of cut to bleed.
> FINALLY Officer Dorsey done [sic] thorough exam of truck and found
> NO BLOOD from Ms. Digman's [sic].[50]
>
> 3.    Ground Three: Prosecutor's remarks during closing argument deprived
> Kirby of right to fair trial.
>
> Supporting Facts:  Prosecutorial misconduct by stating he thought a
> crime has occurred.  We think one, a crime, has occurred regardless

---

[48] ECF # 1 at 7.  This is the date Kirby, a *pro se* prisoner in state custody, stated this petition was put into the prison mail system for forwarding to this Court. The "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988) recognizes that date as the date of filing.

[49] *Id*. at 5.

[50] *Id*.

-8-

who is the victim.  The prosecutor is clearly expressing his opinion of the [sic] Kirby's guilt based on facts outside the evidence.[51]

4.      Ground four:  Conviction obtained by a violation of the priviledge [sic] against self incrimination.

Supporting Facts:  In addition to the improper opinions on character of State's witnesses, the prosecutor went further by implicating [sic] that Kirby was guilty because he remained silent when questioned by police when arrested.[52]

The State filed a return of the writ, maintaining that the second ground for relief – manifest weight of the evidence – is non-cognizable[53] and that the remaining three claims are procedurally defaulted because Kirby did not timely appeal his conviction to the Supreme Court of Ohio.[54]  Alternatively, the State asserts that the three cognizable claims are also without merit.[55]  Kirby has not filed a traverse.

# Analysis

## A.      Preliminary observations

Before proceeding further, I make the following preliminary observations:

---

[51] *Id*. at 6.

[52] *Id.*

[53] ECF # 6 at 7-8.

[54] *Id.* at 8-13.

[55] *Id.* at 13-24.

• There is no dispute that Kirby is in custody of the State by reason of his 2007 conviction and sentence, and that he was so incarcerated at the time this petition was filed.[56]

• Further, this petition was filed within one year of the conclusion of direct review of Kirby's conviction and sentence, and so the petition is timely.[57]

• In addition, Kirby's claims here have been totally exhausted in the Ohio courts inasmuch as there are no further direct appeal remedies available for Kirby to exhaust.[58]

• Finally, Kirby has not moved for an evidentiary hearing.[59]

Accordingly, I recommend finding that these prerequisites for habeas review have been met in this case.

**B.     Standards of review**

*1.     Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who are in custody in violation of federal law.[60]  Accordingly, it is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[61]  In such circumstances, a claim

---

[56] 28 U.S.C. § 2254(a).

[57] 28 U.S.C. § 2254(d)(1).

[58] *See*, *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).

[59] 28 U.S.C. § 2254(e)(2).

[60] 28 U.S.C. § 2254(a).

[61] *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

-10-

for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[62]

However, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[63]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[64]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[65]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[66]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[67] and may not second-guess a state court's interpretation of its own procedural rules.[68]  Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[69] the Sixth Circuit has

---

[62] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir.2007).

[63] *Estelle*, 502 U.S. at 67-68.

[64] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[65] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[66] *Id.*

[67] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[68] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[69] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[70]

## 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[71]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[72]

---

[70] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[71] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[72] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[73]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[74]  In addition, procedural default may also be excused by a showing of actual innocence.[75]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[76] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[77] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[78]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim

---

[73] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[74] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[75] *Id*.

[76] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[77] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[78] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-13-

against the petitioner on the merits.[79]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[80]

## C.     Application of standards

### 1.     *Ground two – manifest weight of the evidence – should be dismissed as a non-cognizable claim*

In his second ground for relief, Kirby contends that his conviction was against the manifest weight of the evidence.[81]  The State maintains that this ground for relief states a claim that is not cognizable in a federal habeas proceeding.[82]

As noted above, the general rule is that errors of state law that do not also violate a federal constitutional right may not serve as the basis for federal habeas relief.  Specifically, a manifest weight of the evidence claim, which alleges a violation of Ohio law, requires the court to act as the "thirteenth juror," reviewing and re-weighing the evidence to determine if the jury lost its way.[83]  As such, adjudicating a manifest weight of the evidence claim in a federal habeas  proceeding would require this Court to perform tasks, such as re-weighing

---

[79] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[80] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[81] ECF # 1 at 5.

[82] ECF # 6 at 7-8.

[83] *Franklin v. Hudson*, No. 5:06-cv-01218, 2009 WL 1362598, at *8 (N.D. Ohio May 13, 2009) (citation omitted).

the evidence and re-assessing the credibility of witnesses, for which it has no mandate, inasmuch as these tasks arise from state law and not from any violation of the Constitution.[84]

Thus, I recommend finding first that the present claim in ground two, which raises a manifest weight of the evidence claim, asserts only an issue of Ohio law.  With that predicate recommendation, I then further recommend that this claim be dismissed as non-cognizable.[85]

## 2. Grounds one, three, and four should be dismissed as waived or procedurally defaulted.

As discussed above, if a petitioner did not present his claims to the highest state court, or committed some procedural error that precludes review of his claims in that court, those claims are deemed waived or procedurally defaulted by the federal habeas court.  Only if the petitioner can then show cause for his default and prejudice arising from a failure by the federal habeas court to address his claim, or show his actual innocence, will the federal court consider those grounds for relief.  In Kirby's case, I recommend finding that each element of the well-known four-part test for a procedural default has been established and that Kirby has not overcome that finding by showing cause for his default.

As noted earlier, the State asserts that Kirby's claims in grounds one, three, and four are procedurally defaulted or waived because, as is not disputed, Kirby did not timely appeal to the Supreme Court of Ohio from the denial of these claims by the Ohio appeals court.  In addition, as is also not disputed, the Ohio Supreme Court denied Kirby leave to file a delayed appeal concerning these claims.

---

[84] Id.

[85] Id.

I note initially that the Sixth Circuit has expressly determined that an unexplained decision by the Ohio Supreme Court to deny leave to file a delayed appeal is presumed to enforce that Court's Practice Rule II, Section 2(A)(4)(a) and so constitutes a procedural default.[86]  As the Sixth Circuit stated, the denial, as here, by the Ohio Supreme Court of a motion for leave to file a delayed appeal is not a ruling on the merits of any claim advanced within that motion, and is, instead, an "adequate and independent" state law basis for finding a procedural default under the test of *Maupin*, thereby foreclosing federal habeas review of grounds one, three, and four, unless Kirby can show cause and prejudice or actual innocence.[87]

Thus, on the basis of those teachings of the Sixth Circuit, I initially recommend finding that Kirby has procedurally defaulted grounds one, three, and four, subject to a possible showing of cause and prejudice, because he was denied leave to file a delayed appeal by the Ohio Supreme Court.

In regards to any showing of cause, I note further, as related above, that Kirby told the Ohio Supreme Court in his motion for leave to file a delayed appeal that the cause for his untimeliness was "outdated legal forms" in the "institutional law library."[88]  Once again, however, the Sixth Circuit has explicitly held that alleged difficulty with a prison law library

---

[86] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*per curiam*), *cert. denied*, 543 U.S. 989 (2004).

[87] *Smith*, 463 F.3d at 431-32; *Kimble v. Gansheimer*, No. 4:08-cv-01048, 2009 WL 4676959, at * 17 (N.D. Ohio Dec. 4, 2009) (citation omitted).

[88] ECF # 6, Attachment at 101.

does not constitute cause to excuse a procedural default.[89]  Likewise, as the State notes, Kirby has not responded to the State's assertion of procedural default with any evidence that he acted diligently to obtain and verify proper forms upon discovering any defect in the forms at hand.

As such, I recommend finding that Kirby has not established cause for his default such as would permit this Court to review his claims.  I further recommend finding that Kirby has supplied nothing to support a finding of actual innocence that would also excuse the prior recommended finding of procedural default.

Accordingly, I recommend ultimately finding that grounds one, three, and four are procedurally defaulted or waived and that Kirby has not excused those defaults or waivers.  Thus, I recommend that these grounds for relief be dismissed.

## Conclusion

For the reasons stated, I recommend that the habeas petition of Anthony Kirby be dismissed.

Dated:  July 30, 2010                         s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[89] *Johnson v. Wilson*, 187 F. App'x 455, 458 (6th Cir. 2006); *Bonilla*, 370 F.3d at 498.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[90]

---

[90] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).